IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JAMES D. GARRITY,

                Petitioner,

v.

CREDIT SUISSE SECURITIES (USA) LLC,

                Respondent.

Civ No. _____

## DECLARATION OF BARRY R. LAX

I, BARRY R. LAX, affirm the following under the penalty of perjury:

1. I am a Partner at Lax & Neville LLP, attorneys for Petitioner James D. Garrity ("Mr. Garrity"). As such, I am fully familiar with the facts set forth herein.

2. I submit this Declaration in support of Mr. Garrity's Petition to Confirm the Arbitration Award.

3. Attached hereto as Exhibit A is a true and complete copy of the Financial Industry Regulatory Authority ("FINRA") Dispute Resolution Arbitration Award served on February 2, 2023.

4. Attached hereto as Exhibit B are true and complete copies of the parties' executed FINRA Arbitration Submission Agreements.

WHEREFORE, I respectfully request that this Court grant James D. Garrity's Petition to Confirm the Arbitration Award.

Dated: New York, New York
       February 22, 2023

By: _____
Barry R. Lax, Esq. (BL1302)

# Exhibit A

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| <u>Claimant</u><br>James D. Garrity | <u>Case Number</u>: 20-03957 |
| vs. | |
| <u>Respondent</u><br>Credit Suisse Securities (USA) LLC | <u>Hearing Site</u>: Washington, D.C. |

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Associated Person vs. Member

The evidentiary hearing was conducted by videoconference.

## REPRESENTATION OF PARTIES

For Claimant James D. Garrity ("Claimant"): Barry R. Lax, Esq., and Robert R. Miller, Esq., Lax & Neville LLP, New York, New York.

For Respondent Credit Suisse Securities (USA) LLC ("Respondent"): Kenneth J. Kelly, Esq., and Scott J. Splittgerber, Esq., Epstein Becker & Green, P.C., New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: December 2, 2020.
Answer to Counterclaim filed on or about: February 11, 2021.
Claimant signed the Submission Agreement: December 2, 2020.

Statement of Answer and Counterclaim filed by Respondent on or about: January 22, 2021.
Respondent signed the Submission Agreement: January 22, 2021.

## CASE SUMMARY

In the Statement of Claim, Claimant asserted the following causes of action: breach of contract; breach of the implied covenant of good faith and fair dealing; fraud; unjust enrichment; and false and misleading Form U5.

Unless specifically admitted in the Statement of Answer and Counterclaim, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

In the Counterclaim, Respondent asserted the following causes of action: breach of contract, and overpayment of compensation.

In the Answer to Counterclaim, Claimant denied the allegations made in the Statement of Answer and Counterclaim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested: damages equal to his unpaid earned compensation in an amount but not less than $1,003,682.00 in deferred compensation and $121,154.00 in severance; attorneys' fees and costs; prejudgment interest; amendment of Claimant's Form U5 to reflect termination for "Other- Business Closure"; and for such other relief as deemed just, equitable, and proper.

In the Statement of Answer and Counterclaim, Respondent requested: that Claimant's claims be denied; $34,150.00 for unearned advance of quarterly compensation; damages in an amount not less than $296,193.43.00; costs and disbursements.

In the Answer to the Counterclaim, Claimant requested that the Counterclaim be denied in its entirety, costs, and attorneys' fees.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On December 10, 2021, Respondent filed a Motion to Dismiss ("Motion") pursuant to Rule 13504 of the Code of Arbitration Procedure ("Code"). On February 11, 2022, Claimant filed a response opposing the motion. On March 11, 2022, Respondent filed a reply in further support of the motion. By Order dated March 28, 2022, the Panel denied Respondent's Motion with prejudice.

On August 8, 2022, Claimant filed an Uncontested Request for Zoom Hearing. By Order dated August 10, 2022, the Panel granted Claimant's Uncontested Request for Zoom Hearing.

On November 28, 2022, at the conclusion of Claimant's case-in-chief, Respondent renewed its Motion to Dismiss. After due deliberation, the Panel denied the renewed Motion to Dismiss.

The Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Claimant the sum of $1,018,624.89 in compensatory damages.

2. Respondent is liable for and shall pay to Claimant prejudgment interest in the amount of $363,244.20.

3. Claimant is liable for and shall pay to Respondent the sum of $34,150.00 in compensatory damages.

4. This Award is subject to an offset as described in item 5 below. Claimant's obligations are extinguished by the offset.

5. Respondent's award in the amount of $34,150.00 is an offset to Claimant's award in the total amount of $1,381,869.09. As such, Respondent is liable for and shall pay to Claimant the amount of $1,381,869.09 minus $34,150.00 awarded to Respondent, for a net amount due to Claimant of $1,347,719.09.

6. Claimant's request for amendment or expungement of his Form U5 is denied.

7. Any and all claims for relief not specifically addressed herein, including any requests for attorneys' fees, are denied.

## **FEES**

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 2,000.00 |
| Counterclaim Filing Fee | =$ | 2,125.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, Respondent Credit Suisse Securities (USA) LLC is assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 3,025.00 |
| Member Process Fee | =$ | 6,175.00 |

**Late Pre-Hearing Cancellation Fees**
Fees apply when a pre-hearing conference is cancelled within three business days of the scheduled conference:

| | | |
|---|---|---|
| July 6, 2022, cancellation requested by Claimant | =$ | 300.00 |
| Total Late Pre-Hearing Cancellation Fees | =$ | 300.00 |

The Panel has assessed the total late pre-hearing cancellation fees to Claimant.

**Postponement Fees**
Postponements granted during these proceedings for which fees were assessed or waived:

| | |
|---|---|
| July 18-22 and August 19, 2022, postponement requested by the parties | =$ 1,400.00 |
| Total Postponement Fees | =$ 1,400.00 |

The Panel has assessed the total postponement fees to Claimant.

**Last-Minute Cancellation Fees**
Fees apply when a hearing on the merits is cancelled within ten calendar days before the start of a scheduled hearing session:

| | |
|---|---|
| July 18-22 and August 19, 2022, postponement requested by the parties | =$ 1,800.00 |
| Total Last-Minute Cancellation Fees | =$ 1,800.00 |

The Panel has assessed the total last-minute cancellation fees to Claimant.

**Discovery-Related Motion Fees**
Fees apply for each decision rendered on a discovery-related motion.

Four (4) decisions on discovery-related motions on the papers with one (1) Arbitrator @ $200.00/decision         =$   800.00

Respondent submitted four (4) discovery-related motions

Total Discovery-Related Motion Fees         =$   800.00

The Panel has assessed $400.00 of the discovery-related motion fees to Claimant.

The Panel has assessed $400.00 of the discovery-related motion fees to Respondent.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrators, including a pre-hearing conference with the Arbitrators, which lasts four (4) hours or less. Fees associated with these proceedings are:

Three (3) pre-hearing sessions with a single Arbitrator @ $450.00/session         =$   1,350.00
Pre-Hearing Conferences:  June 2, 2022            1 session
                         August 11, 2022         1 session
                         November 21, 2022       1 session

Three (3) pre-hearing sessions with the Panel @ $1,400.00/session         =$   4,200.00
Pre-Hearing Conferences:  April 12, 2021          1 session
                         July 7, 2022            1 session
                         July 20, 2022           1 session

Thirty-four (34) hearing sessions @ $1,400.00/session         =$  47,600.00

| Hearings: | | |
|---|---|---|
| | August 15, 2022 | 2 sessions |
| | August 16, 2022 | 2 sessions |
| | August 17, 2022 | 2 sessions |
| | August 18, 2022 | 2 sessions |
| | September 12, 2022 | 2 sessions |
| | September 13, 2022 | 2 sessions |
| | September 14, 2022 | 2 sessions |
| | September 15, 2022 | 2 sessions |
| | September 16, 2022 | 2 sessions |
| | October 12, 2022 | 2 sessions |
| | October 13, 2022 | 2 sessions |
| | October 14, 2022 | 2 sessions |
| | November 16, 2022 | 2 sessions |
| | November 17, 2022 | 2 sessions |
| | November 18, 2022 | 2 sessions |
| | December 1, 2022 | 2 sessions |
| | December 2, 2022 | 2 sessions |

Total Hearing Session Fees =$ 53,150.00

The Panel has assessed $2,550.00 of the hearing session fees to Claimant.

The Panel has assessed $50,600.00 of the hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Marni E. Byrum | - | Public Arbitrator, Presiding Chairperson |
| Julius P. Terrell | - | Public Arbitrator |
| Martin V. Franks | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**


*Marni E. Byrum*                                       02/01/2023
Marni E. Byrum                                         Signature Date
Public Arbitrator, Presiding Chairperson


*Julius P. Terrell*                                    01/31/2023
Julius P. Terrell                                      Signature Date
Public Arbitrator


*Martin V. Franks*                                     01/31/2023
Martin V. Franks                                       Signature Date
Non-Public Arbitrator


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


February 02, 2023
Date of Service (For FINRA Dispute Resolution Services use only)

# Exhibit B

FINRA ARBITRATION Submission Agreement

Claimant(s)

**In the Matter of the Arbitration Between**

    Name(s) of Claimant(s)
    JAMES D. GARRITY

    **and**

    Name(s) of Respondent(s)
    CREDIT SUISSE SECURITIES (USA) LLC

1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3. The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4. The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

JAMES D. GARRITY
Claimant Name (please print)

_[signature]_                                        12/2/2020
Claimant's Signature                                Date
State capacity if other than individual (*e.g.*, executor, trustee or corporate officer)


Claimant Name (please print)

Claimant's Signature                                Date
State capacity if other than individual (*e.g.*, executor, trustee or corporate officer)

**If needed, copy this page.**



**FINRA ARBITRATION Submission Agreement**

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

James David Garrity

20-03957

Name(s) of Respondent(s)

Credit Suisse Securities (USA) LLC

1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3. The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of FINRA Dispute Resolution Services or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4. The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

Investor protection. Market integrity.   FINRA Dispute Resolution Services   One Liberty Plaza   t 212 858 4200
Northeast Regional Office   165 Broadway   www.finra.org
27th Floor
New York, NY
10006-1404

5.  The parties hereto have signed and acknowledged the foregoing Submission Agreement.

_____       Managing Director                01/22/2021
Credit Suisse Securities (USA) LLC                                                Date
State Capacity if other than individual (e.g., executor, trustee, corporate officer)


LC43A: SUBMISSION AGREEMENT
idr: 03/16/2020

RECIPIENTS:
Stacey G. Zyzyck, COO, Credit Suisse Securities (USA) LLC
Credit Suisse Securities (USA) LLC, Litigations And Investigations, 11 Madison Avenue, 24Th
     Floor, New York, NY 10010