IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JAMES D. GARRITY,**<br><br>                        Petitioner,<br><br>     v.<br><br>**CREDIT SUISSE SECURITIES (USA) LLC,**<br><br>                        Respondent. | Civ No. _____ |

**PETITIONER'S MEMORANDUM OF LAW
IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD
AND ENTER JUDGMENT THEREON**

LAX & NEVILLE LLP
Barry R. Lax, Esq. (BL1302)
350 Fifth Avenue, Suite 4640
New York, NY 10018
(212) 696-1999

*Attorneys for Petitioner
James D. Garrity*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………………………………………….…. i

STATEMENT OF FACTS ………………………………………………………....…..... 1

ARGUMENT ………………………………………………………………………....….. 1

CONCLUSION ………………………………………………………………....……… 2

# TABLE OF AUTHORITIES

## CASES

*D.H. Blair & Co. v. Gottdienier*
    462 F.3d 95, 110 (2d Cir. 2006) ……………………………………………………… 1

*Deutsche Financial Services Corp. v. Adirondack Cycle & Marine, Inc.*
    1998 WL 173308 (N.D.N.Y 1998) ………………………………………….....……. 1

*Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*
    497 F.3d 133, 138 (2d Cir.2007) ……………………………………………………… 1

*Trustees for the Mason Tenders Dist. Council Welfare Fund, Pension Fund,*
*Annuity Fund, Training Program Fund v. YES Restoration*
    2015 WL 3822764, at *3 (S.D.N.Y. 2015) …………………………………………… 1, 2

## STATUTES & RULES

9 U.S.C. § 9 …………………………………………………………...……....………….. 1

28 U.S.C. § 1332(a)(1) ……………………………………………………….......…………. 2

28 U.S.C. § 1391 ……………………………………………………………………………..... 1

28 U.S.C. § 1961 …………………………………………………………………………..... 2

FINRA Rule 13904 ……………………………………………………………………...……. 1

N.Y. CPLR § 5004 ……………………………………………………………………………. 2

Petitioner James D. Garrity hereby respectfully submits his Memorandum of Law in support of his Petition, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm an arbitration award of the Financial Industry Regulatory Authority ("FINRA") in <u>James D. Garrity v. Credit Suisse Securities (USA) LLC</u>, FINRA Arbitration No. 20-03957.

## STATEMENT OF FACTS

The relevant facts are set forth by the Petition and incorporated herein by reference.

## ARGUMENT

A petition to confirm an arbitration award under 9 U.S.C. § 9 may be filed in any district court where venue is proper pursuant to 28 U.S.C. § 1391. *See D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 105–06 (2d Cir. 2006). As Credit Suisse is resident in New York pursuant to 28 U.S.C. § 1391(c)(2), venue is proper pursuant to Section 1391(b)(1).[1]

The enforcement of an arbitration award is governed by 9 U.S.C. § 9:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title . . . .

9 U.S.C. § 9. Confirmation of an arbitration award under Section 9 of the FAA is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *Trustees for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Training Program Fund v. YES Restoration*, 2015 WL 3822764, at *3 (S.D.N.Y. 2015) (citing *D.H. Blair & Co. v. Gottdienier,* 462 F.3d 95, 110 (2d Cir. 2006)). The Second Circuit

---

[1]In addition, FINRA Rule 13904 states that "awards may be entered as a judgment in any court of competent jurisdiction." *See Deutsche Financial Services Corp. v. Adirondack Cycle & Marine, Inc.*, 1998 WL 173308 at *1 (N.D.N.Y. 1998) ("In the present case, the arbitration provision signed by the parties contains a submission agreement providing that a judgment of the court shall be entered upon the award and may be enforced by any federal court of competent jurisdiction.").

has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Trustees for the Mason Tenders Dist. Council Welfare Fund,* 2015 WL at *3 (citing *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC,* 497 F.3d 133, 138 (2d Cir.2007)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Trustees for the Mason Tenders Dist. Council Welfare Fund,* 2015 WL, at *4 (citations omitted).

Pursuant to N.Y. CPLR § 5004, the rate in New York is nine percent (9%) per annum, except where otherwise provided by statute. Pursuant to 28 U.S.C. 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." As a result of the foregoing, Petitioner requests that this Court award him pre-judgment interest pursuant to N.Y. CPLR § 5004 and post-judgment interest pursuant to 28 U.S.C. 1961.

## CONCLUSION

For the reasons set forth herein, Petitioner James Garrity respectfully requests that the Court confirm the February 2, 2023 Award issued by the FINRA Panel, along with pre-judgment interest and post-judgment interest to run until the judgment is satisfied.

Dated: New York, New York
       February 22, 2023

            **LAX & NEVILLE, LLP**

        By: */s/ Barry R. Lax*
           Barry R. Lax, Esq. (BL1302)
           350 Fifth Avenue, Suite 4640
           New York, NY 10018
           Tel: (212) 696-1999

           *Attorneys for Petitioner*
           *James D. Garrity*

2